UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALFONSO FRANKLIN,**

            **Plaintiff,**

v.

**STATE OF MICHIGAN,**

            **Defendant.**

_____/

Case No. 4:16-cv-12699
Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO DISMISS (DE 9)**

**I.   RECOMMENDATION**:  The Court should grant Defendant State of Michigan's motion to dismiss (DE 9) and dismiss Plaintiff's claims against this defendant with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).  Alternatively, the claims may be dismissed under Rule 12(b)(6).

**II.   REPORT:**

    **A.   Plaintiff's Complaint**

Plaintiff filed this lawsuit *in pro per* on July 21, 2016 against sole Defendant State of Michigan.  In his form complaint, Plaintiff claims to have been subjected to "illegal and unconstitutional codes and pra[c]tices," and appears to assert violations of several constitutional rights.  He seeks "$100,000.00 for decades of fraud, extortion, and harassment."  (DE 1 at 1-3.)

The Court has granted Plaintiff's application to proceed *in forma pauperis* and has referred this case to me for pretrial proceedings. (DEs 2, 4, 5.)

### B. Defendant's Motion to Dismiss

Currently pending before the Court is Defendant State of Michigan's October 14, 2016 motion to dismiss on the basis that it is entitled to sovereign immunity under the Eleventh Amendment to the Constitution of the United States. (DE 9.) Although Plaintiff's unsigned and undated response, filed with the Court on December 2, 2016, is several weeks tardy under the Court's October 14, 2016 order, the Court will consider the response in its disposition of the matter at hand. (DE 10, 11.)

### C. Fed. R. Civ. P. 12

Defendant State of Michigan brings its motion pursuant to Fed. Rules Civ. P. 12(b)(1) and 12(b)(6). As the Sixth Circuit has explained: "the primary difference between Rule 12(b)(1) and 12(b)(6) motions is not in the procedures used but in the effect the ruling will have upon the parties." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Rule 12(b) permits a party to file a motion for "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for

jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. In addition, the district court is empowered to resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996) (internal and external citations omitted).

Rule 12(b) also permits a party to file a motion for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Also, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[1]

### D.  Discussion

**1.  Plaintiff's lawsuit is precipitated by traffic violations which resulted in suspensions of his driving privilege.**

---

[1] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

4

As proof of his damages and property seized, Plaintiff attaches several exhibits to his complaint. (*See* DE 1 at 3.) These exhibits paint a background for Plaintiff's allegations. For example, a report from the Secretary of State indicates that Plaintiff received tickets during 2012 and 2013—such as for "registration and/or plate," "no proof of insurance," "no insurance," "no insurance under the insurance code" and "failed to display a valid license"—which resulted in suspensions of his driving privilege during 2013 and 2014. (DE 1 at 9.)[2] Then, on June 21, 2014, the Secretary of State sent Plaintiff a notice which requires that in order to renew his license, he must "[s]ettle each ticket with the court and obtain a clearance card . . . for each entry[,]" and "[b]ring the clearance card(s) to any Secretary of State branch office so that [he] will be eligible to renew." (DE 1 at 5.)

### 2. Plaintiff alleges various constitutional claims against Defendant State of Michigan.

In addition to alleging that Defendant has "used illegal and unconstitutional codes and pra[c]tices" and that Plaintiff has been the victim of "retaliation for questioning" Michigan's codes, he makes several statements in apparent attempts to allege violations of the 4th, 5th, 6th, 8th and 14th amendments. (DE 1 at 1-2, 4.) Among other things, Plaintiff claims to have been illegally detained and illegally

---

[2] Also, Plaintiff provides an August 28, 2013 invoice for towing on August 27, 2013 and storage from Nationwide Recovery in the amount of $310.00, which the Court assumes is associated with his tickets of the same date. (DE 1 at 6, 5 and 9.)

5

searched, claims to have had his property seized, and takes issue with being forced to "p[u]rchase [an] annual driver[']s li[c]ense [or] permits[,]" and to "annually p[u]rchase insurance by entering [into a] contract with [a] third party." (DE 1 at 4.) The entirety of his prayer for relief is as follows:

> I am ill and the State of Michigan for years ha[s] placed me under great stress. I have appeared before . . . [and/or] contacted the executive, judicial, and local agents of the State of Michigan[.] [T]hey offer no remedy. I am asking for $100,000.00 for decades of fraud, extortion, and ha[r]assment.

(DE 1 at 2.) In other words, he is only seeking monetary damages.

### 3. Plaintiff's claims against sole Defendant State of Michigan are barred by the Eleventh Amendment to the Constitution of the United States.

As an initial matter, it is critical to note that however Plaintiff's attempted causes of action are characterized, he names only one defendant in his complaint – the State of Michigan. (DE 1 at 1 ¶ I.1.) This is so even though he refers to "agents" of the State of Michigan elsewhere in his complaint. (DE 1 at 1-2 ¶¶ II, III.) As the Federal Rules of Civil Procedure provide, "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a) ("Caption; Names of Parties.") If there were any doubt about what is listed in the caption, it is resolved by Section I of Plaintiff's form complaint, which lists a single defendant – "State of Michigan." (DE 1 at 1 ¶ 1.1.)

6

Moreover, as Defendant correctly argues, in the absence of consent to suit or waiver of immunity, the Eleventh Amendment to the U.S. Constitution bars lawsuits against a state. (*See* DE 9 at 7-8.) The Eleventh Amendment expressly provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Plaintiff Franklin appears to be a citizen of the State of Michigan. As such, it is important to note further that "an unconsenting State is immune from suits brought in federal courts *by her own citizens* as well as by citizens of another State." *Employees of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri*, 411 U.S. 279, 280 (1973) (emphasis added). "[T]he principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III[.]" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 64 (1996) ("[S]tate sovereign immunity limit[s] the federal courts' jurisdiction under Article III.").

"It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Hans v. Louisiana*, 134 U.S. 1, 13 (1890). Here, the Court must consider whether Defendant State of Michigan has waived its right to sovereign immunity or consented to suit. "A sovereign's immunity may be

7

waived, and . . . a State may consent to suit against it in federal court." *Pennhurst*, 465 U.S. at 99. However, the State's consent must "be unequivocally expressed." *Id*. Moreover, "although Congress has power with respect to the rights protected by the Fourteenth Amendment to abrogate the Eleventh Amendment immunity, we have required an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several states." *Id*. (quotations and internal and external citations omitted). Yet, "[e]ven when the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996).

The Supreme Court has explained that, although "[t]here may be a question . . . whether a particular suit in fact is a suit against a State[,]" it is "clear . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 100. "This jurisdictional bar applies regardless of the nature of the relief sought." *Id*. In other words, "the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996).

The Court should conclude that Plaintiff's claims against Defendant State of Michigan are barred by the Eleventh Amendment, because the State of Michigan has neither waived its right to immunity nor consented to suit. "A State may effectuate a waiver of its constitutional immunity by a state statute or constitutional provision, or by otherwise waiving its immunity to suit in the context of a particular federal program." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). "In each of these situations, we require an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Atascadero State Hosp.*, 473 U.S. at 238. Plaintiff's conclusory allegations—either in his complaint or in his response—do not point to a state statute or constitutional provision by which the State of Michigan has effectively waived its constitutional immunity. (*See* DE 1 at 1, 2, & 4; DE 11 at 1-3.) Also, as to whether the State of Michigan has otherwise waived its immunity to suit with regard to a "particular federal program[,]" Defendant State of Michigan, itself, very clearly states in the motion before the Court: "Michigan does not consent to suit or waive immunity." (DE 9 at 8.)

Plaintiff's response does not otherwise aid his cause. The response simply states that Defendant State of Michigan "and agents have waived all rights to immunity by eng[a]ging in unconstitutional, illegal, and criminal programs." (DE 11 at 1.) Although his response brief contends that "[t]he State of Michigan and its

9

agents are not immune to law[suits][,]" and also contends that the state agents he has encountered "have waived all right to immunity[,]" and further contends that "[t]he State [of Michigan] is not immune to lawsuits[,]" Plaintiff does not provide any legal authority for these assertions.  Moreover, Plaintiff's various other explanations – such as federal constitutional violations under 42 U.S.C. § 1983 or otherwise and state constitutional violations – are irrelevant to the dismissal argument before the Court, as these explanations concern "all agents," seemingly police officers, court clerks, judges and the Governor.  (DE 11 at 2-3.)[3]  There is only one Defendant in this case – the State of Michigan.

Therefore, the Court should dismiss Plaintiff's claims against Defendant State of Michigan for "lack of subject-matter jurisdiction[.]"  Fed. R. Civ. P. 12(b)(1); *see also Hedgepeth v. Tennessee*, 215 F.3d 608, 616 (6th Cir. 2000) ("The State's assessment against disabled persons for the parking placards is a tax for purposes of the Tax Injunction Act.  We conclude that the Plaintiffs had a plain, speedy and efficient remedy before the Claims Commission.  The district court

---

[3] Instead, he provides attachments regarding what has become known as the "Flint Water Crisis."  (*See* DE 11 at 4-5).  However, I note that in one such case, the State Defendants filed an October 6, 2016 motion to dismiss which alleges that "The Eleventh Amendment bars the claims against the State, MDEQ and MDHHS." (DE 67 at 31-32 in Case No. 5:16-cv-11247-JCO-MKM (E.D. Mich.).)  Also, Plaintiff points out that the City of Detroit's Police Department was a subject of *United States of America v. City of Detroit and Detroit Police Department*, Case No. 2:03-cv-72258-AC-DRG (E.D. Mich.); however, the State of Michigan was not a defendant in that case.

properly dismissed the action for lack of subject matter jurisdiction."); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 528 (6th Cir. 2004) ("Because Kentucky enjoys sovereign immunity in the federal courts from DLX's federal takings claim, the district court was correct to dismiss the DLX's complaint for want of jurisdiction.").

### 4. Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a).

Although the motion before the Court opposes Plaintiff's complaint solely on the basis of Eleventh Amendment sovereign immunity, I also note that Plaintiff's complaint is quite vague as to who, what, when, where, how and why these alleged violations occurred. It is pleaded so generally that it fails to comply with Rule 8(a) ("General Rules of Pleading"). Specifically, even if the Court accepts the Civil Cover Sheet's asserted basis of jurisdiction—federal question (28 U.S.C. § 1331)—as satisfying Rule 8(a)(1)'s requirement of "a short and plain statement of the grounds for the court's jurisdiction . . . [,]" the more substantive pages of Plaintiff's complaint do not satisfy Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" (*See* DE 1 at 1, 2, 4 and 7).) Therefore, the Court could alternatively dismiss Plaintiff's complaint for its "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

### 5. Conclusion

Two further comments are warranted here. First, Defendant State of Michigan's request for an assessment of costs should be denied as premature. (DE 9 at 8.) If the Court grants its motion to dismiss, Defendant may apply for costs in accordance with Fed. R. Civ. P. 54. Second, Plaintiff's "plea to the court to dismiss all [S]tate of Michigan cases aga[in]st [him]," (DE 11 at 3), is misplaced. If Plaintiff seeks dismissal of any state court case, he must do so in that tribunal or in a proper appeal of that tribunal. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

In the end, for the reasons stated above, Defendant State of Michigan's motion to dismiss (DE 9) should be granted, and Plaintiff's claims against the State of Michigan should be dismissed with prejudice pursuant to Rule 12(b)(1). Alternatively, the claims may be dismissed under Rule 12(b)(6).

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 4, 2017                   s/Anthony P. Patti
                                                          Anthony P. Patti
                                                          UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 4, 2017, electronically and/or by U.S. Mail.

                                                          s/Michael Williams
                                                          Case Manager for the
                                                          Honorable Anthony P. Patti